Felix F. **MIKUS** and Francis N. Shaffer, Appellants,

v.

Anselm **WACHTEL**, Appellee.

Patent Appeal No. 74–511.

United States Court of Customs and Patent Appeals.

Nov. 14, 1974.

James Theodosopoulos, Danvers, Mass., attorney of record, for appellants.

William D. Palmer, Pittsburgh, Pa., attorney of record, for appellee.

Before MARKEY, Chief Judge, and RICH, BALDWIN, LANE and MILLER, Judges.

MARKEY, Chief Judge.

This appeal is from the decision of the Board of Patent Interferences awarding priority of invention to the appellee. We *remand* for further consideration of the evidence.

The interference involves the application of Mikus et al., serial No. 709,213, filed February 29, 1968, and Wachtel's application serial No. 726,464, filed May 3, 1968. The subject matter at issue embodied in a single count is a composition of matter which finds utility in its property of fluorescence. The emitted light has a narrow range of wavelengths in the blue to blue-green part of the visible spectrum when excited with ultraviolet radiation or cathode rays. Thus, radiation visible to the human eye is produced from that which is invisible.

The sole count of the interference is:

A luminescent composition consisting essentially of a matrix of halophosphate of alkaline-earth metal, wherein the alkaline-earth metal is calcium, barium, and/or strontium, the halogen is chlorine and/or bromine, and an activating proportion of divalent europium.

*Priority Proofs and Board Opinion*

Both parties, attempting to prove priority of invention by actual reduction to practice, presented documentary evidence and relied on stipulated testimony in the form of affidavits. Also, appellant argues that appellee's reduction to practice of one "species" within the scope of the count was insufficient to support an award of priority to appellee.

On authority of Petisi v. Rennhard, 363 F.2d 903, 53 CCPA 1452 (1966), the board found August 14, 1967, the date of appellee's species reduction, to be its priority date.

The heart of the controversy involves the proofs presented by appellants. Shaffer, Mikus' co-inventor, testified that he prepared certain phosphors within the scope of the count. As supporting evidence, Shaffer referred, *inter alia*, to certain exhibit which comprised pages from his Technical Notebook. None of the pages bears a witnessing signature but all are signed and dated by Shaffer. The pages fail to appear in precise numerical sequence and many gaps exist between the pages presented. Appellants say the missing pages relate to non-relevant work. Onto certain of the presented pages are stapled reports of tests performed by others on compounds alleged to be within the scope of the count. The tests involved studies of the phosphor's Spectral Energy Distribution and X-ray diffraction. Those studies provide an indication of the quantity of light produced for each wavelength and of the particular crystalline form of the phosphor, respectively.

Appellants argue that the notebook pages and the analytical reports, with the analysts' supporting testimony, adequately corroborate the testimony of Shaffer on reduction to practice of a phosphor within the count. Appellee counters that none of the evidence establishes that the phosphor seen by the analysts contained the recited activator.

The board found that appellants' proofs were insufficient to serve as independent corroboration of the testimony of reduction to practice of the invention. The board concluded that the analysts' testimony did not establish the presence of the specific phosphor activator recited in the count and, therefore, failed to corroborate Shaffer's testimony regarding reduction to practice. Accordingly, the board awarded priority of invention to appellee.

OPINION

■ We agree with the board's view respecting appellee's actual reduction to practice of a species within the scope of the count. A prior reduction to practice of the species precludes another party from claiming that he is the first inventor of the genus containing the species.

■■ The primary question to be resolved is whether the evidence of record constitutes sufficient corroboration of

appellants' testimony directed to preparation of a composition within the scope of the count, including the specified activator. The requirement for independent corroboration exists to insure, by proof that could not have been fabricated or falsified, that the inventor actually prepared the composition and knew it would work. Gianladis v. Kass, 324 F. 2d 322, 51 CCPA 753 (1963). However, to satisfy the spirit of the requirement for corroboration, all of the evidence must be considered, applying a "rule of reason" standard rather than some mechanical standard. Berry v. Webb, 412 F.2d 261, 56 CCPA 1272 (1969).

At oral argument appellants called attention to our recent opinion in Blicharz v. Hays, 496 F.2d 603 (CCPA 1974), which was not available to the board at the time of its decision herein. *Blicharz* involved an inventor's unsigned and unwitnessed notebook. Although we said that such a notebook *per se* would be insufficient to corroborate an inventor's testimony of actual reduction to practice, we held that a witnessed "Record of Invention," which was consistent with the notebook and had been promptly submitted to the patent department of Blicharz's employer, together with testimony of a witness (Weidenheimer), who observed the experiments recorded in Blicharz's notebook, did provide sufficient corroboration of Blicharz's testimony of actual reduction to practice on the claimed date.

A careful review of the instant record reveals that appellants' Exhibit BH is a "Record of Invention." It was signed by the inventors and two witnesses and dated November 4, 1965. Both witnesses testified to having read, understood, and signed the document on its date. The parties treated Exhibit BH lightly before us and before the board. Appellants casually argue that Exhibit BH is one of several documents which corroborate Shaffer's testimony of actual reduction to practice. Appellee contends that the exhibit corroborates only conception, the witnesses testifying only to having read and understood the document.

The paucity of argument on the significance of Exhibit BH does not aid us in reaching a decision. The board's opinion does not mention the exhibit, and our review of the decision below is impeded by our lack of knowledge of the significance the board placed on Exhibit BH. Because the probative value accorded a similar document in *Blicharz,* supra, was significant, the avoidance of a possible miscarriage of justice requires that we have the benefit of the Board's position on Exhibit BH in this case. We do not infer that the result here should be either different from or the same as that reached in *Blicharz.* Instead, every case must be decided on its own merits. However, because of the potential significance of appellants' Exhibit BH, a decision at this juncture without benefit of argument or elucidation of the board position would risk injustice.

Accordingly, we remand this cause to the Board of Patent Interferences to consider the extent of the significance of Exhibit BH and to take whatever further action it may deem advisable consistent with the present opinion.

Remanded.