John H. SELLSTEDT, Appellant,

v.

Toshiyasu ISHIMARU, Appellee.

Patent Appeal No. 76–619.

United States Court of Customs and Patent Appeals.

Nov. 11, 1976.

Rehearing Denied Jan. 19, 1977.

---

**16.** *Busse v. C.I.R.*, 479 F.2d 1147, 1152 (7th Cir. 1973).

Francis D. Thomas, Jr., Bacon & Thomas, Arlington, Va., attys. of record, for appellant; Vito Victor Bellino, Egon E. Berg, New York City, Robert Wiser, Philadelphia, Pa., of counsel.

David T. Terry, Craig & Antonelli, Washington, D. C., atty. of record, for appellee.

Before MARKEY, Chief Judge, and RICH, BALDWIN, LANE and MILLER, Judges.

RICH, Judge.

This appeal is from the decision of the Patent and Trademark Office Board of Patent Interferences (board) which, by summary judgment under 37 CFR 1.228 (Rule 228) awarded priority to the senior party Ishimaru against the junior party Sellstedt as to all counts in interference. We affirm.

### Background

On February 20, 1975, appellant Sellstedt, pursuant to the provisions of 37 CFR 1.205, copied into his patent application fifteen claims which correspond in substance to claims 1–15 of a patent to Ishimaru. Since his effective filing date was more than three months subsequent to the effective filing date of the patentee, affidavits required by 37 CFR 1.204(c) (Rule 204(c)) were submitted. On July 25, 1975, an interference was declared between appellant's application and the Ishimaru patent. On that same day, an Examiner of Interferences, considering the affidavits insufficient to make out a prima facie case of priority, issued an order under Rule 228 * pointing out the insufficiency and notifying appellant that summary judgment would be entered against him unless he could show cause why such action should not be taken. Appellant admittedly received the order to show cause and never filed a response to that order, wherefore the board rendered the following decision and opinion:

---

\* Rule 228, in pertinent part, reads:

§ 1.228 Summary judgment.

When an interference is declared on the basis of a showing under § 1.204(c), such showing will be examined by an Examiner of Interferences. If the Examiner considers that the facts set out in the showing provide sufficient basis for the interference to proceed, the interference will proceed in the normal manner as provided by the regulations in this part; otherwise an order shall be entered concurrently with the notice of interference pointing out wherein the showing is insuffi-

cient and notifying the applicant making such showing that *summary judgment will be rendered against him because of such insufficiency* at the expiration of a period specified in the notice, not less than 30 days, *unless cause be shown* why such action should not be taken. *In the absence of a showing of good and sufficient cause, judgment shall be so rendered.* [Emphasis ours.] The balance of the rule deals with situations in which a response to the order to show cause has been filed.

Whereas, Sellstedt, the junior party, has failed to make any response to the order to show cause why summary judgment should not be entered against him in view of the insufficiency of his showing under Rule 204(c) to overcome the effective filing date of Ishimaru, the senior party, and whereas the time allowed for such response has expired, as provided in Rule 228, priority of invention of the subject matter in issue is hereby awarded to Toshiyasu Ishimaru, the senior party.

The above award of priority is deemed to terminate this proceeding.

Appellant would now have us consider the board's decision as one on the sufficiency of the affidavits and would have us review that decision as so characterized.

### OPINION

■ The sufficiency of the affidavits is not before us; the board never passed on that matter. It is manifest from the opinion of the board that its decision was based *solely* on the failure of appellant to respond to an order to show cause issued by the Examiner of Interferences under Rule 228. That rule clearly states that, in the absence of a showing of good and sufficient cause in response to such an order, summary judgment "will" or "shall" be awarded against the party to whom the order was addressed. Appellant admits that he did not file any response to the order to show cause, and does not question the lawfulness or the reasonableness of the rule. Rule 228, which has the force and effect of law, 35 U.S.C. § 6, *Land v. Dreyer,* 155 F.2d 383, 33 CCPA 1108 (1946), and is mandatory, controls.

■ To pursue the course urged by appellant and proposed in the dissenting opinion would deprive the order to show cause of its traditional meaning, permitting the recipient of the order to ignore it and still obtain a review in this court of a matter not passed on by the Board of Patent Interferences. Rule 228 clearly contemplates that

the recipient of the order to show cause will obtain consideration by the board of his arguments that his affidavits are sufficient *only* if he files a response to the order. All Rule 261 does is to list the various ways in which an interference "will be terminated," Rule 228 proceedings being one such way.

### *Taxation of Costs*

■ Appellant moves pursuant to our Rule 5.6(c), that appellee be taxed the cost of printing pages 12–34 of the transcript. Pages 12–15 reproduce the appellant's original claims which, of course, have nothing to do with the issues appellant raises. Appellant states that pages 16–34 relate "only to appellant's copying of claims from appellee's patent and reading of the copied claims on appellant's disclosure to establish that there is support for such claims under 37 C.F.R. 1.205." We agree with appellant's statement as it applies to pages 16–31 and also agree that this material has nothing to do with the issues which appellant attempted to raise here. As to pages 32–34, they relate to appellant's affidavits filed under 37 CFR 1.204(c), the sufficiency of which appellant would have us review. Indeed, page 34 is the first page of the Sellstedt affidavit. Appellee, therefore, is taxed the cost of printing pages 12–31 of the transcript, appellant to assume the cost of printing the other pages in question.

The decision of the Board of Patent Interferences is *affirmed.*

AFFIRMED.

MILLER, Judge, dissenting, with whom BALDWIN, J., joins.

The majority opinion assumes that we have jurisdiction over this appeal. I agree that the board's award of priority to the senior party and the termination of the interference proceedings was a final decision. Thus, this court has jurisdiction under 35 U.S.C. § 141.[1]

---

1. 35 U.S.C. § 141 provides in pertinent part:
   A party to an interference dissatisfied with the decision of the board of patent interferences on the question of priority may appeal

to the United States Court of Customs and Patent Appeals . . . . .
Appellant certainly was "dissatisfied" since the board awarded priority to Ishimaru.

However, the majority opinion further assumes that summary judgment under 37 CFR 1.228 ("Rule 228") must be granted *on the procedural ground* that appellant failed to respond to the order to show cause, dated July 25, 1975. It says it is "manifest" from the board's opinion that the board based its decision solely on appellant's failure to respond, thus ignoring the significance of the statement in the board's opinion that appellant had failed to respond to the order to show cause—not just why summary judgment should not be entered against him, but why summary judgment should not be entered against him *"in view of the insufficiency of his showing under Rule 204(c)."* (Emphasis supplied.) I do not believe that Rule 228 exempts the board from considering the merits of an applicant's 37 CFR 1.204(c) ("Rule 204(c)") showing before awarding judgment, and I suggest that the board did, as a matter of law, "consider" the merits by implicitly adopting the reasoning and result of the order to show cause.

A careful reading of Rule 228 leads me to the conclusion that the board can award summary judgment *solely* for the reason of *insufficiency* of an applicant's Rule 204(c) showing. With respect to the order to show cause, Rule 228 states that "[i]n the absence of a showing of good and sufficient cause, judgment shall be so rendered." The "judgment" referred to is that specified in the preceding sentence—summary judgment, which "will be rendered against him *because of such insufficiency* at the expiration of a period specified in the notice . . . ." (Emphasis supplied.) "[S]uch insufficiency" can only refer to an applicant's original Rule 204(c) showing.

The majority concludes that "shall" (in the provision, "In the absence of a showing of good and sufficient cause, judgment shall be so rendered.") is mandatory. However, this so-called mandatory requirement is modified by the last sentence of Rule 228, which provides that "[t]he Board will determine on the basis of the original showing [under Rule 204(c)] and the response made, whether the interference should be allowed to proceed or summary judgment should be entered against the junior applicant." Thus, the board has discretion to award summary judgment or to allow the interference to proceed, regardless of whether the junior applicant has made "a showing of good and sufficient cause" in response to the order to show cause. The rule makes no distinction between a failure to show good and sufficient cause and no showing at all.

Nowhere in Rule 228 is there a mandate that an applicant's failure to respond precludes consideration by this court of the merits of his Rule 204(c) showing. The majority's interpretation of Rule 228 would insulate the determination of the insufficiency of a Rule 204(c) showing by a *single* interference examiner from review by this court.

The majority opinion states that my interpretation of Rule 228 would permit the recipient of an order to show cause to ignore it and still obtain a review in this court "of a matter not passed on by the Board of Patent Interferences." The quoted matter simply ignores the Rule 228 mandate discussed above that summary judgment will be rendered because of the insufficiency of an applicant's Rule 204(c) showing, which would, of course, be a matter passed on (*sub silentio or otherwise*) by the Board of Patent Interferences in the exercise of its discretion under the last sentence of Rule 228. It may well be that Rule 228, *as written,* with discretion in the board to award summary judgment or to allow the interference to proceed, places the interference examiner's order to show cause in a different framework from that of the traditional order to show cause.[2] If so, the Patent and

---

**2.** Rule 228 does not state that in the absence of a response to an order to show cause, summary judgment shall be rendered. Furthermore, 37 CFR 1.261 ("Rule 261") provides in pertinent part:

An interference will be terminated by . . . summary judgment because of an insufficient showing under § 1.204(c) as provided by § 1.228, . . . or as otherwise provided.

Trademark Office may wish to rewrite the rule. But it is not for this court to do so.

In his order to show cause, the examiner of interferences stated that various affidavits under Rule 204(c) had been considered and then "concluded that a *prima facie* case of an actual reduction to practice has not been established, because of applicant's failure to properly corroborate his case." He then went on to state, however, that the affidavit from Herbst (a coworker of appellant) "does constitute corroboration that applicant performed the process defined by the counts." Such statements, without more, are clearly inconsistent and alone provide sufficient basis for reversal.

Furthermore, this court's most recent decisions on the question of adequate corroboration have applied a "rule of reason" approach rather than any rigid requirement of visual observation to establish corroboration. *Grasselli v. Dewing,* 534 F.2d 306, 189 USPQ 637 (Cust. & Pat.App.1976); *Mikus v. Wachtel,* 504 F.2d 1150, 183 USPQ 752 (Cust. & Pat.App.1974); *Blicharz v. Hays,* 496 F.2d 603, 181 USPQ 712 (Cust. & Pat. App.1974). Here, appellant has presented, as evidence, (1) dated and witnessed copies of his laboratory notebook showing that he carried out the process defined by the counts, (2) laboratory reports confirming that he indeed produced 6-aminopenicillanic acid in samples identified as having been produced by the process, and (3) an "Invention Record" prepared for his superiors. Other exhibits and affidavits presented by appellant confirm the authenticity and regularity of appellant's notebook entries.

The decision of the examiner of interferences in the order to show cause appears to be based upon appellant's failure to show that other witnesses (besides Herbst) actually observed him performing the process defined by the counts. Thus, the examiner said that the affidavit of Pattison "does not establish corroboration" because "Pattison has not said that he observed applicant performing the process," and the affidavits of Wolf and Bell were similarly rejected: "Since neither Wolf nor Bell actually observed any experimentation, their respective testimony does not establish corroboration." The "Invention Record" was not even discussed by the examiner. The alleged "insufficiency" of appellant's Rule 204(c) showing was seemingly based on corroboration requirements which conformed neither to the law when the order to show cause was issued, nor to the law as it now is.

I would reverse the board's decision. In fairness, however, the case should be remanded for the board to proceed with the interference.

---

Although it may be argued that the board's award of summary judgment, assumed by the majority to be based solely on appellant's failure to respond to the order to show cause, was a method of terminating an interference "otherwise provided" for by Rule 261, such an argument would violate the plain meaning of the rule. the basis for summary judgment is stated to be "an insufficient showing" as provided by Rule 228 "or as otherwise provided." Other *bases* for summary judgment must be deemed excluded in accordance with the maxim *expressio unius est exclusio alterius.*