838 F.2d 1223
Unpublished Disposition
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
OKA et al., Appellant,
v.
YOUSSEFYEH et al., Appellee.
 No. 87-1501.
 United States Court of Appeals, Federal Circuit.
 Jan. 29, 1988.
 
 Before MARKEY, Chief Judge, RICH, Circuit Judge, and JACK R. MILLER, Senior Circuit Judge.
 MARKEY, Chief Judge.
 
 DECISION
 
 1
 The decision of the Patent and Trademark Office Board of Patent Appeals and Interferences (board), Interference No. 101,111, awarding priority of invention to Youssefyeh et al. over Oka et al., is reversed.
 
 OPINION
 
 2
 Conception of the involved invention requires (1) the idea of the desired result, i.e., the structure of the desired chemical compound, and (2) possession of the means of reaching that result. Coleman v. Dines, 754 F.2d 353, 359, 224 USPQ 857, 862 (Fed.Cir.1985); Alpert v. Slatin, 305 F.2d 891, 894, 134 USPQ 296, 299 (CCPA 1962). The board made these not clearly erroneous findings: (1) Youssefyeh had the idea of a 2-indanyl class of compounds within the scope of the interference count on February 27, 1980, but was not successful in preparing molecules of that class; (2) Youssefyeh successfully prepared a compound outside the scope of the interference count on October 10, 1980; (3) during the last week of October 1980, co-applicant Suh directed his assistant to use the October 10, 1980 method to prepare a species of a 5-indanyl class of compounds within the scope of the interference count; (4) the assistant successfully did so in December 1980. Based on those findings, the board held that Youssefyeh had established conception as of October 10, 1980.
 
 
 3
 The board correctly noted that conception of a species within a genus may constitute conception of the genus. Miller v. Walker, 214 USPQ 845, 847 (Bd. Pat. Int. 1982); see Mikus v. Wachtel, 504 F.2d 1150, 1151, 183 USPQ 752, 753 (CCPA 1974) (reduction to practice of species establishes priority to genus). However, as Youssefyeh acknowledges, 2-indanyl compounds and 5-indanyl compounds are different species within the generic interference count. Youssefyeh's February 27, 1980 idea of a 2-indanyl compound coupled with his October 10, 1980 possession of a method for making a 5-indanyl compound could not, therefore, establish conception of either species. Because the board made no finding that Youssefyeh had the idea of a 5-indanyl compound before the last week of October 1980, and the record would not support such a finding, the board erred i n holding that Youssefyeh had established conception as of October 10, 1980.
 
 
 4
 The board's finding that Youssefyeh initiated preparation of a 5-indanyl compound "in the last week of October 1980" supports the conclusion that Youssefyeh established conception of that class of compounds no earlier than October 31, 1980, the day Oka's patent application was filed. Haultain v. DeWindt, 254 F.2d 141, 142, 117 USPQ 278, 279 (CCPA 1958) ("[W]here testimony merely places the acts within a stated time period, the inventor has not established a date for his activities earlier than the last day of the period."). Because Youssefyeh, the junior party, failed to show a conception date earlier than Oka's filing date, Oka is entitled to priority. We reverse the board's award of priority to Youssefyeh.