Susan M. MAXWELL,

v.

**J. BAKER, INC., and Prange Way, Inc.**

No. 4–90–941.

United States District Court,
D. Minnesota,
Fourth Division.

Sept. 28, 1992.

See also ____ F.Supp. ____.

---

Earl D. Reiland, Daniel W. McDonald, Matthew J. Goggin, and Merchant, Gould, Smith, Edell, Welter & Schmidt, Minneapolis, Minn., for plaintiff.

James J. Foster, and Wolf, Greenfield & Sacks, Boston, Mass. (Bruce H. Little, and Popham, Haik, Schnobrich & Kaufman, Minneapolis, Minn., of counsel), for defendants.

## ORDER

DOTY, District Judge.

This matter is before the court on plaintiff's motion for partial summary judgement on the issue of the validity of her patent. Based on a review of the file, record and proceedings herein, the court grants plaintiff's motion for partial summary judgement.

## BACKGROUND

Plaintiff Susan M. Maxwell ("Maxwell"), is the owner of record and named inventor on United States Patent No. 4,624,060 ("the '060 patent"), which claims a system for attaching mated pairs of shoes together.[1] Defendant J. Baker, Inc. ("J. Baker") is a corporation that sells shoes through large discount retail stores, such as defendant Prange Way, Inc. ("Prange Way"). Maxwell brings the present action alleging

---

1. The '060 patent covers a system for attaching pairs of shoes together by incorporating the use of a tab or loop through which a filament is connected. The tab or loop is placed between the inner and outer soles of each shoe of a pair of shoes so as not to be seen when worn. The system is used primarily on shoes which do not have eyelets or other apertures through which a filament can be threaded to connect the shoes.

that both defendants sold shoes using the attachment system in violation of her '060 patent.

Maxwell now moves for partial summary judgment on the validity of her patent, claiming that she conceived the idea for the system covered by the '060 patent while working at Target Stores ("Target") and then asked Richard M. Shapiro ("Shapiro") of Regent Shoe Company ("Regent Shoe") to produce samples of the invention.

Defendants contend, however, that there is a material fact dispute about whether Maxwell was the first to conceive of and reduce to practice the shoe connection system claimed by her patent. They claim that other persons, either Donald W. Hasek ("Hasek"), another Target employee, or employees at Regent Shoe, first invented the system, and that Regent Shoe then manufactured samples of the system, incorporating elements not contributed or specified by Maxwell, thereby reducing the invention to practice prior to the filing of Maxwell's patent application. Defendants thus argue that the '060 patent is invalid because of the prior invention of its claims.

Defendants also argue that Maxwell's patent is invalid because she failed to name co-investors and that she did this with deceptive intent. Defendants finally contend that a question of fact exists as to whether the claims of the '060 patent would have been obvious to a person of ordinary skill in the art. Based on the foregoing, defendants claims that Maxwell's motion for partial summary judgement on the issue of the '060 patent's validity should be denied.

Maxwell contends, however, that defendants fail to raise any material fact disputes regarding the validity of her patent. Maxwell specifically argues that defendants proffer no corroborated evidence demonstrating prior inventorship, that defendants have failed to proffer any specific facts on the issue of obviousness and that defendants have abandoned their defenses claimed under 35 U.S.C. §§ 102(a)–(f) and 112 by failing to support those in their opposition papers. Thus, Maxwell moves for partial summary judgement on the issue of the '060 patent's validity.

## DISCUSSION

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgement "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgement as a matter of law." This standard mirrors the standard for a directed verdict under Federal Rule of Civil Procedure 50(a), which requires the trial judge to direct a verdict if, under the governing law, there can be but one reasonable conclusion as to the verdict. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Stated in the negative, summary judgement will not lie if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.* at 248. On a motion for summary judgement, all evidence and inferences are to be viewed in a light most favorable to the nonmoving party. *Id.* at 250, 106 S.Ct. at 2510. In order for the moving party to prevail, it must demonstrate to the court that "there is no genuine issue as to any material fact and that the moving party is entitled to judgement as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986); Fed.R.Civ.P. 56(c). A fact is material only when its resolution affects the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 248, 106 S.Ct. at 2510. The nonmoving party may not rest upon mere denials or allegations in the pleadings, but must set forth specific facts sufficient to raise a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. at 324, 106 S.Ct. at 2553. Moreover, if a plaintiff cannot support each essential element of its claim, summary judgement must be granted because a complete failure of proof regarding an essential element necessarily renders all other facts immaterial. *Id.* at 322–23, 106 S.Ct. at 2552.

Turning to the present case, "[s]ummary judgment is as available in patent cases as

in other areas of litigation." *Continental Can Co. USA, Inc. v. Monsanto Co.*, 948 F.2d 1264, 1265 (Fed.Cir.1991). In analyzing a motion for summary judgment in a patent case, the court is to apply the same standard as that previously set forth. *See, e.g., Avia Group Int'l v. L.A. Gear*, 853 F.2d 1557, 1560–61 (Fed.Cir.1988) (applying the Supreme Court trilogy).

Defendants raise various defenses to the validity of Maxwell's patent. With the standard for summary judgment at hand, the court will consider those defenses and plaintiff's motion for partial summary judgement.

### 1. *Prior Invention of the '060 Patent's Claims*

■ Defendants first attack the validity of Maxwell's patent by asserting the defense of invention by another under 35 U.S.C. § 102(g), contending that a material fact dispute exists concerning whether Maxwell was the first to conceive of and reduce to practice the invention claimed by the '060 patent. Under section 102(g), a person shall be entitled to a patent unless:

> before the applicant's invention thereof the invention was made in this country by another who had not abandoned, suppressed, or concealed it. In determining priority of invention there shall be considered not only the respective dates of conception and reduction to practice of the invention, but also the reasonable diligence of the one who was first to conceive and last to reduce to practice, from a time prior to conception by the other.

35 U.S.C. § 102(g). Thus, a patent holder must not only be the first to conceive the invention, but also the first to reduce it to practice. *See, e.g., New Idea Farm Equip. Corp. v. Sperry Corp.*, 916 F.2d 1561, 1566–67 (Fed.Cir.1990) (citing 3 D. Chisum, *Patents* § 10.03[1], at 10–20 (1990)).

Defendants contend that Maxwell was not the first to conceive the shoe attachment system at issue. Conception is defined as the "formation in the mind of the inventor, of a definite and permanent idea of the complete and operative invention, as it is hereafter to be applied in practice." *Hybritech Inc. v. Monoclonal Antibodies, Inc.*, 802 F.2d 1367, 1376 (Fed Cir.1986) (citing 1 *Robinson on Patents* 532 (1890)); *Coleman v. Dines*, 754 F.2d 353, 359 (Fed. Cir.1985), *cert. denied*, 480 U.S. 947, 107 S.Ct. 1606, 94 L.Ed.2d 792 (1987). Conception thus "requires both the idea of the invention's structure and possession of an operative method of making it." *Amgen, Inc. v. Chugai Pharmaceutical Co., Ltd.*, 927 F.2d 1200, 1206 (Fed.Cir.) (citing *Oka v. Youssefyeh*, 849 F.2d 581, 583 (Fed.Cir. 1988)), *cert. denied*, —— U.S. ——, 112 S.Ct. 169, 116 L.Ed.2d 132 (1991).

■ Conception may be proven by written descriptions, drawings or a model. In the present case, however, defendants fail to proffer any such written evidence. Thus, the earliest written evidence is Maxwell's patent application, and defendants must rely on oral testimony to prove first conception. Though viewed with care, such oral testimony by the inventor, without supporting documentary or other tangible evidence, may be sufficient to establish prior conception, if such testimony is corroborated by other witnesses. *See* 3 D. Chisum, *Patents* § 10.04[2], at 10–55 to 10–56 (1991). That corroborating evidence must show that the inventor disclosed to others his completed thoughts, " 'expressed in such clear terms as to enable those skilled in the art' to make the invention." *Coleman*, 754 F.2d at 359 (quoting *Field v. Knowles*, 183 F.2d 593, 601 (C.C.P.A.1950)).

■ In the present case, defendants proffer the testimony of Hasek and Shapiro to support their claim that Maxwell was not the first person to conceive of the system of shoe attachment covered by the ("the '060 patent"), and that it was either Hasek or employees at Regent Shoe who first invented the concept of placing an elongated tab or loop between the insole board and the outer sole of the shoe. Hasek testified that he first conceived that idea of locating a loop under the insole board, and defendants cite Shapiro's testimony to corroborate his claim. Examining that testimony in the light most favorable to defendants, the court concludes that

Shapiro's testimony is insufficient to corroborate Hasek's prior conception because Shapiro's testimony does not indicate that Hasek communicated his completed thoughts of the shoe connection system, " 'expressed in such clear terms as to enable those skilled in the art' to make the invention." *Id.*[2] Defendants fail to produce any other corroborating testimony to establish prior conception by Hasek or anyone else. The court thus concludes that defendants fail to raise a material fact dispute concerning whether Maxwell was the first to conceive of the invention claimed by the '060 patent, and that their defense under section 102(g) fails as a matter of law.[3]

### 2. *Nonjoinder of Co-inventors on the '060 Patent's Application*

■ Defendants also argue that Maxwell's patent is invalid because she failed to name co-inventors as required by 35 U.S.C. § 116.[4] Defendants, however, proffer no corroborated evidence of the existence of such co-inventors, thus the court concludes that this defense is fatally flawed.[5]

### 3. *Obviousness of the '060 Patent's Claims*

■ Defendants further contend that a material fact dispute exists concerning whether the claims covered by the '060 patent would have been obvious to a person of ordinary skill in the art, pursuant to 35 U.S.C. § 103. Section 103 forbids the issuance of a patent:

if the differences between the subject matter sought to be patented and the

prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains.

35 U.S.C. § 103. Although the question of obviousness is ultimately one of law, section 103 requires a court to make several basic factual inquiries in determining whether an invention would have been obvious at the time it was made. *Ryko Mfg. Co. v. Nu–Star, Inc.,* 950 F.2d 714, 716 (Fed.Cir.1991) (citing *Graham v. John Deere Co.,* 383 U.S. 1, 17, 86 S.Ct. 684, 693, 15 L.Ed.2d 545 (1966)). Thus, under section 103, the court is:

(1) to determine the scope and content of the prior art; (2) to ascertain the differences between the prior art and the claims at issue; and (3) to resolve the level of ordinary skill in the pertinent art.

*Id.* Also relevant to this factual inquiry are secondary considerations such as the commercial success of the invention, the invention's satisfaction of recognized but unsolved needs, and the failure of others to create the claimed invention. *Id.* (citing *Graham,* 383 U.S. at 17–18, 86 S.Ct. at 694). The challenger must prove the facts underlying its claim of obviousness by clear and convincing evidence. *Id.* (citing *Anderson,* 477 U.S. at 252, 106 S.Ct. at 2512).

■ Maxwell proffers evidence demonstrating that her patented attachment system solves a long-felt need in the shoe industry, that her system has been com-

---

**2.** Shapiro's testimony is confusing at best, and may actually undermine Hasek's claims because his testimony seems to indicate. that Shapiro thought that it was not Hasek, but an overseas technician, who first conceived of the invention. There is no other testimony to corroborate Shapiro's claim concerning the overseas technician.

In addition, Shapiro actually filed an affidavit in support of Maxwell's patent application while the application was pending. In that affidavit, Shapiro claimed that it was someone at Target, who "might have been" Maxwell, who first suggested the specific location for the loop used in her system. Shapiro later contradicted his affidavit in his deposition testimony concerning the overseas technician.

**3.** Based on its determination that defendants fail to raise a material fact dispute concerning prior conception, the court does not address their arguments concerning reduction to practice.

**4.** That section provides that:
When an invention is made by two or more persons jointly, they shall apply for patent jointly and each sign the application and make the required oath, except as otherwise provided in this title.

**5.** Although defendants argue at great length about Maxwell's alleged deceptive intent, they fail to raise a material fact dispute concerning the first requirement for this defense, the existence of co-inventors.

mercially successful and that defendants' officers and employees had tried but were unsuccessful in their search for prior art to invalidate her patent.[6] Defendants respond by proffering what they characterize as examples of prior art that they contend were not considered by the patent examiner. The proffered exhibits, however, are undated and defendants fail to supply affidavits from anyone having personal knowledge of those documents indicating how or when the documents were used. Moreover, none of the exhibits show a connection system involving a filament linking loops that are secured to the inside of the shoes, as claimed by Maxwell. Defendants also entirely fail to address the issues of the differences between any alleged prior art and the claims at issue, the level of ordinary skill in the art and the various secondary considerations. Based on the foregoing, the court finds that defendants fail to raise a material fact issue concerning the obviousness of the claims covered by the '060 patent. *See Avia Group Int'l, Inc.*, 853 F.2d at 1563–64 (affirming summary judgment based on challenger's failure to raise material fact dispute concerning factual elements underlying obviousness).

### 4. *Defendants' Other Defenses*

In their pleadings, defendants also assert other defenses to the '060 patent's validity under 35 U.S.C. §§ 102(a)–(f) and 112. In their memorandum in response to plaintiff's motion for partial summary judgment, defendants failed to proffer any evidence in support of those defenses. Thus, the court concludes that those defenses fail as a matter of law.

### CONCLUSION

Maxwell seeks partial summary judgement declaring her patent valid. For the reasons previously set forth, the court concludes that defendants fail to raise material

fact disputes concerning prior invention, nonjoinder of co-inventors and obviousness, and thus those defenses are fatally flawed. The court further determines that defendants fail to proffer any evidence to support their defenses under 35 U.S.C. §§ 102(a)–(f) and 112.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for partial summary judgement is granted and United States Patent No. 4,624,060 is declared valid.

**6.** Moss Sidell, J. Baker's in-house counsel, testified that he had discussed Maxwell's patent with the in-house counsel of other shoe companies charged with infringing, and that discussion led to a joint effort to find prior art. One of J. Baker's largest shoe agents, Pagoda, admitted

that its prior art search had been fruitless. Paul Douillette, J. Baker's Senior Executive General Merchandise Manager, also testified that J. Baker searched for information that would invalidate Maxwell's patent but that it did not find anything early enough to do so.