Susan M. **MAXWELL**, Plaintiff,

v.

**J. BAKER, INC., and Prange Way, Inc., Defendants.**

Civ. No. 4–90–941.

United States District Court,
D. Minnesota,
Fourth Division.

March 18, 1993.

Earl D. Reiland, Daniel W. McDonald, Matthew Joseph Goggin, and Merchant, Gould, Smith, Edell, Welter & Schmidt, Minneapolis, MN, for plaintiff.

Bruce H. Little, and Popham, Haik, Schnobrich & Kaufman, Minneapolis, MN (James J. Foster, and Wolf, Greenfield & Sacks, P.C., Boston, MA, of counsel), for defendants.

## ORDER

DOTY, District Judge.

This matter is before the court on defendants' motion to revise or vacate the court's

order granting plaintiff partial summary judgment on the validity of her patent. Based on a review of the file, record and proceedings herein, the court grants defendants' motion in part and denies the motion in part.

## BACKGROUND

Plaintiff Susan M. Maxwell ("Maxwell"), is the owner of record and named inventor on United States Patent No. 4,624,060 ("the '060 patent"), which claims a system for attaching mated pairs of shoes together. Defendant J. Baker, Inc. is a corporation that sells shoes through large discount retail stores, such as defendant Prange Way, Inc. Maxwell brought the present action alleging that both defendants sold shoes using the attachment system in violation of the '060 patent.

Maxwell moved for partial summary judgment on the validity of her patent. Defendants responded that there are material fact disputes concerning whether Maxwell was the first to conceive of and reduce to practice the shoe connection system claimed by her patent. Defendants claimed that other persons, either Donald W. Hasek or employees at Regent Shoe, first invented the system, and that Regent Shoe manufactured shoes attached with the system, incorporating elements not contributed or specified by Maxwell, thereby reducing the invention to practice prior to the filing of Maxwell's patent application. Defendants thus argued that the '060 patent is invalid because of prior inventorship.

Defendants also argued that Maxwell's patent is invalid because she failed to name co-inventors with an intent to deceive. Defendants finally contended that a question of fact exists as to whether the claims of the '060 patent would have been obvious to a person of ordinary skill in the art. Defendants thus asked the court to deny Maxwell's motion for partial summary judgement.

In its order of September 28, 1992, the court granted Maxwell's motion, determining that defendants' defenses were fatally flawed. The court specifically determined that defendants failed to proffer any evidence in support of their defenses under 35 U.S.C. §§ 102(a)–(f) and 112, failed to proffer corroborating evidence of prior conception under 35 U.S.C. § 102(g) and failed to raise a material fact dispute concerning the existence of co-inventors pursuant to 35 U.S.C. § 116 or obviousness under 35 U.S.C. § 103. The court thus granted Maxwell's motion for partial summary judgment. *Maxwell v. J. Baker, Inc.,* 805 F.Supp. 735 (D.Minn.1992).

Defendants now ask the court to revise its prior opinion, arguing that they were not required to proffer corroborating testimony concerning prior inventorship because they were entitled to rely on samples shoes manufactured by Regent as evidence of a reduction to practice prior to the filing of Maxwell's patent. They further contend that they raise material fact disputes concerning the existence of co-inventors and obviousness. They finally seek to reassert a defense under 35 U.S.C. § 102(f), although they had previously waived the defense at the hearing on Maxwell's motion for partial summary judgment. The court will address each contention in turn.

## DISCUSSION

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgement "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgement as a matter of law." This standard mirrors the standard for a directed verdict under Federal Rule of Civil Procedure 50(a), which requires the trial judge to direct a verdict if, under the governing law, there can be but one reasonable conclusion as to the verdict. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). Stated in the negative, summary judgement will not lie if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.* at 248, 106 S.Ct. at 2510. On a motion for summary judgement, all evidence and inferences are to be viewed in a light most favorable to the nonmoving party. *Id.* at 250, 106 S.Ct. at 2511. In order for the moving party to prevail, it must demonstrate to the court that

"there is no genuine issue as to any material fact and that the moving party is entitled to judgement as a matter of law." *Celotex Corp. v. Catrett,* 477 U.S. 317, 330, 106 S.Ct. 2548, 2556, 91 L.Ed.2d 265 (1986); Fed. R.Civ.P. 56(c). A fact is material only when its resolution affects the outcome of the case. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. at 248, 106 S.Ct. at 2510. The nonmoving party may not rest upon mere denials or allegations in the pleadings, but must set forth specific facts sufficient to raise a genuine issue for trial. *Celotex Corp. v. Catrett,* 477 U.S. at 324, 106 S.Ct. at 2553. Moreover, if a plaintiff cannot support each essential element of its claim, summary judgement must be granted because a complete failure of proof regarding an essential element necessarily renders all other facts immaterial. *Id.* at 322–23, 106 S.Ct. at 2552–53.

Turning to the present case, "[s]ummary judgment is as available in patent cases as in other areas of litigation." *Continental Can Co. USA, Inc. v. Monsanto Co.,* 948 F.2d 1264, 1265 (Fed.Cir.1991). In analyzing a motion for summary judgment in a patent case, the court is to apply the same standard as that previously set forth. *See, e.g., Avia Group Int'l v. L.A. Gear,* 853 F.2d 1557, 1560–61 (Fed.Cir.1988) (applying the Supreme Court trilogy). With the standard for summary judgment at hand, the court will consider defendants' motion to revise the order of September 28, 1992.

### 1. Prior Invention of the '060 Patent's Claims

Defendants ask the court to revisit their defense of invention by another under 35 U.S.C. § 102(g), which provides that a person shall be entitled to a patent unless:

before the applicant's invention thereof the invention was made in this country by another who had not abandoned, suppressed, or concealed it. In determining priority of invention there shall be considered not only the respective dates of con-

ception and reduction to practice of the invention, but also the reasonable diligence of the one who was first to conceive and last to reduce to practice, from a time prior to conception by the other.

Defendants contend that material fact disputes exist concerning whether Maxwell was the first to conceive of and reduce to practice the attachment system claimed by the '060 patent. In her motion for partial summary judgment, Maxwell relied solely on the date on which her patent application was filed, October 6, 1983, to establish the date of her invention. It is undisputed, however, that prior to the filing of her patent application, Maxwell received a pair of shoes from Regent that were attached with the system claimed by the '060 patent. In her affidavit submitted in support of her motion for partial summary judgment, Maxwell claims that she conceived the system by which the Regent shoes are attached in the spring of 1983, but proffers no corroborating evidence of such conception. *See, e.g.,* 3 Donald S. Chisum, *Patents* § 10.04[2], at 10–54 (1992) (inventor must offer corroboration as to "origin, date and content of conception"). Maxwell further argues that the Regent shoes were produced at her request,[1] but again fails to proffer corroborating evidence. *See id.* § 10.06[5], at 10–142.

Defendants submit testimony which arguably suggests that persons other than Maxwell may have been the first to either conceive or reduce the system to practice. Accordingly, Maxwell's motion for partial summary judgment on defendants' section 102(g) defense is denied, and the court's prior order is vacated to the extent that it reaches a contrary result.

### 2. Nonjoinder of Co-inventors on the '060 Patent's Application

Defendants also argue that Maxwell's patent is invalid because she failed to name co-inventors pursuant to 35 U.S.C. § 116.[2]

---

1. Maxwell specifically claims that she conceived the idea for the system covered by the '060 patent while working at Target Stores and then asked Richard M. Shapiro of Regent Shoe Company to produce samples of the invention.

2. That section provides that:

When an invention is made by two or more persons jointly, they shall apply for patent jointly and each sign the application and make

Based on the court's determination that defendants raise a material fact dispute concerning the existence of other inventors, the court vacates its prior order to the extent its strikes any defense under 35 U.S.C. § 116 arising from Maxwell's alleged failure to name co-inventors.

### 3. *Obviousness of the '060 Patent's Claims*

 Defendants further contend that a material fact dispute exists concerning whether the claims covered by the '060 patent would have been obvious to a person of ordinary skill in the art, pursuant to 35 U.S.C. § 103. Section 103 forbids the issuance of a patent:

> if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains.

35 U.S.C. § 103. Although the question of obviousness is ultimately one of law, section 103 requires a court to make several basic factual inquiries in determining whether an invention would have been obvious at the time it was made. *Ryko Mfg. Co. v. Nu-Star, Inc.,* 950 F.2d 714, 716 (Fed.Cir.1991) (citing *Graham v. John Deere Co.,* 383 U.S. 1, 17, 86 S.Ct. 684, 693, 15 L.Ed.2d 545 (1966)). Thus, under section 103, the court is:

> (1) to determine the scope and content of the prior art; (2) to ascertain the differences between the prior art and the claims at issue; and (3) to resolve the level of ordinary skill in the pertinent art.

*Id.* Also relevant to this factual inquiry are secondary considerations such as the commercial success of the invention, the invention's satisfaction of recognized but unsolved needs, and the failure of others to create the claimed invention. *Id.* (citing *Graham,* 383 U.S. at 17–18, 86 S.Ct. at 693–694). The challenger must prove the facts underlying its claim of obviousness by clear and convincing evidence. *Id.* (citing *Anderson,* 477 U.S. at 252, 106 S.Ct. at 2512).

In opposition to Maxwell's motion for partial summary judgment on the defense of obviousness, defendants relied on the Nelson and Ornsteen patents, cited during the prosecution of Maxwell's patent, and also proffered various examples of prior art not considered by the patent office.[3] Defendants failed to proffer any evidence that those examples existed prior to the '060 patent. At the hearing, however, Maxwell conceded that the proffered exhibits predate her patent.

Defendants also contend that Maxwell is claiming an attachment system much broader than the one described in the court's order of September 28, 1992,[4] and thus ask the court to revise its prior decision granting Maxwell partial summary judgment on the defense of obviousness.

Examining the record, the court determines that defendants raise a material fact dispute concerning obviousness, specifically whether a person of ordinary skill in the art, examining other prior art and the Nelson patent, would have found the Maxwell attachment system obvious. The court therefore amends its prior order and denies Maxwell's motion for partial summary judgment on the defense of obviousness.

---

the required oath, except as otherwise provided in this title.

**3.** Those examples of prior art were attached as Exhibit D to the Foster Declarations dated December 24, 1991 and December 3, 1992.

**4.** The order stated that:
> The '060 patent covers a system for attaching pairs of shoes together by incorporating the use of a tab or loop through which a filament is connected. The tab or loop is placed between the inner and outer soles of each shoe of a pair of shoes so as not to be seen when worn. The system is used primarily on shoes which

do not have eyelets or other apertures through which a filament can be threaded to connect the shoes.

805 F.Supp. at 736 n. 1. Defendants now contend:
> that Maxwell claims that the use of loops fastened *anywhere* inside the shoes, including at the top of the upper as in the Nelson patent, infringes her patent.

(Defs.' Reply Mem.Supp.Mot. to Revise or Vacate Order for Partial Summ. J at 8 (emphasis in original)).

## 4. *Defendants' Defense Under 35 U.S.C. § 102(f)*

■■■ In their pleadings, defendants asserted a defense under 35 U.S.C. § 102(f), which provides that a person is not entitled to a patent where:

he did not himself invent the subject matter sought to be patented.

In their memorandum in response to Maxwell's motion for partial summary judgment, defendants failed to proffer any evidence in support of that defense.[5] At the hearing on Maxwell's motion, defendants further conceded that they did not oppose Maxwell's motion for partial summary judgment on that defense.[6] The court thus granted Maxwell's motion.

Defendants now ask the court to ignore the waiver and alter its prior grant of partial summary judgment. Based on their failure to proffer any evidence to support that defense in response to Maxwell's original motion and their concession at the hearing, the court declines to alter its prior grant of summary judgment on any defense pursuant to section 102(f).

Based on the foregoing, the court grants in part and denies in part defendants' motion to vacate and revise its prior order. Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion for partial summary judgment on defendants' defense pursuant to 35 U.S.C. § 102(g) is denied, and the court's order of September 28, 1992, is vacated to the extent that it reaches a contrary result;

2. Plaintiff's motion for partial summary judgment on defendants' defense under 35 U.S.C. § 116 arising from plaintiff's alleged failure to name co-inventors is denied, and the court's order of September 28, 1992, is vacated to the extent that it reaches a contrary result;

3. Plaintiff's motion for partial summary judgment on defendants' obviousness defense pursuant to 35 U.S.C. § 103 is denied, and the court's order of September 28, 1992, is vacated to the extent that it reaches a contrary result; and

4. Plaintiff's motion for partial summary judgment on defendants' defenses under 35 U.S.C. §§ 102(a)–(f) and 112 is granted, and the court's order of September 28, 1992 is reaffirmed to the extent that it grants partial summary judgment on those defenses.

---

[5]. Defendants also failed to support defenses asserted pursuant to 35 U.S.C. §§ 102(a)–(e) and 112.

[6]. The court asked:
Do you agree with [plaintiff's counsel] that the Court ought to issue summary judgment on Section 102(a) through (f) and 112 on those issues because there's no real dispute?

Defendants' counsel responded:
I have no problem with that Your Honor. We had not planned on pushing those defenses at trial.
(Tr. of Hr'g on Pl.'s Mot. for Partial Summ. J. at 26, Jan. 3, 1992.)